# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| EDUARDO MONGER, | CASE NO. 1:06-CV-00699 MLH-WMC |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|   vs. | |
| ROSEANNE CAMPBELL, et al., | |
|     Respondent. | |

On May 5, 2006, Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner contends that a jury instruction concerning the use of a firearm was erroneous in violation of his Due Process rights. Petitioner also claims that the consecutive sentencing violated <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Finally, Petitioner argues that the trial court erred in its application of Cal. Penal Code § 654 in imposing a consecutive sentence for Count Three. On April 17, 2008, Respondent filed an answer. (Doc. No. 12.) On May 13, 2008, Petitioner filed a traverse. (Doc. No. 15.)

For the reasons set forth below, the Court DENIES the petition.

///
///
///

**Background**

**A.    Procedural History**

On April 14, 2003, a Stanislaus County Superior Court jury found Petitioner guilty of carjacking on Count One, robbery on Count Two, evading an officer of the peace on Count Three, and a hit and run on Count Four. (Clerk's Transcript ("CT") at 132-36.) The jury also found that Petitioner personally used a firearm during the carjacking's commission. (CT at 132.) On May 18, 2004, the court sentenced Petitioner as follows: five years for Count One, plus ten years for the personal use of a firearm enhancement, one year for Count Two, eight months for both Counts Three and Four. The trial court ruled that Petitioner's sentences were all to run consecutively with Count One. (Reporter's Transcript ("RT") at 242-44.)

In ruling that the sentences should run consecutively, the trial court found that there was a "totally separate act, totally separate victim" in Counts One and Two. (RT at 242.) The trial court decided that the Count Three sentence should run consecutively because Petitioner "could have pulled over easily and just took the consequences." (RT at 243.) Finally, the trial court held that the time for Count Four should run consecutively because Petitioner "could have stayed at the scene after crashing, and there would have been no problem." (RT at 243-44.)

On July 6, 2005, the California Court of Appeal issued a decision affirming Petitioner's convictions. (Lodgment 4 at 9.) On August 17, 2005, Petitioner filed for review by the California Supreme Court. (Lodgment 5 at 1.) On September 21, 2005, the California Supreme Court denied the petition for review. (Lodgment 6 at 2.)

**B.    Factual History**

The state appellate court summarized the relevant facts as follows:

**Prosecution Case**

On August 1, 2003, after leaving her apartment to go to work, Sharon Brack drove to the manager's office to pay her rent, got out of her car and went to the office. When she returned to her car, appellant was standing next to it. He pointed a handgun at Brack and demanded her car keys. Brack handed the

keys to appellant as he kept the gun pointed to her face. As Brack backed away, appellant got into the car and drove off.

On August 11, 2003, Jacqueline Izquierdo was working as a cashier at a USA gas station (gas station) in Modesto when, at approximately 7:00 p.m., appellant approached her in her booth where the cash register was located and said to her "Give me your money." Izquierdo saw the appellant had what appeared to be a handgun. Appellant repeated his demand and Izquierdo handed him all the money in the register. Appellant left in a white Toyota, which was later determined to be Sharon Brack's car, and Izquierdo called the police.

City of Modesto Police Officer Brian Findlen responded to the police dispatcher's report of a robbery and headed in the direction of the gas station. On the way, he saw a white Toyota without license plates traveling in the opposite direction. The vehicle met the description broadcast by the dispatcher, so Officer Findlen made a U-turn. As he did so, the driver of the white Toyota, later determined to be appellant, accelerated. The officer activated his siren and emergency lights and gave chase. During the pursuit, appellant drove at speeds of up to 100 miles per hour, weaving through traffic, running stop signs and red lights and veering from lane to lane. Eventually, appellant collided with a city bus. Appellant attempted to flee on foot, but police apprehended him a short time later.

From the car, police recovered a black replica gun. Izquierdo identified it as the "gun" appellant pointed at her.

Brack testified that the gun appellant pointed at her was silver. When shown the black replica gun police seized from appellant's car, Brack testified that it was not the gun that appellant had pointed at her.

**Defense Case**

Appellant testified to the following. He committed the robbery of the gas station but he did not take Brack's car. He obtained the car from a man for the

1 purpose of selling it. The replica gun was already in the car when the appellant
2 got the car.

3 (Lodgment 4 at 2-3.)

## Discussion

**A.     Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("ADEPA") amended 28 U.S.C. § 2254(d), to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 403 (2000). The Supreme Court has interpreted § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

1  unreasonably applies that principle to the facts of the prisoner's case.

2  Id. at 412-13; see also Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003).

## B. Petitioner's Due Process Rights Were Not Violated By The Firearm Enhancement Jury Instruction

Petitioner claims that the trial court used a jury instruction containing an incomplete definition of firearm in violation of his Due Process rights. (Doc. No. 1 at 5.) At Petitioner's trial, the court provided the jury with the following instruction based on CALJIC No. 17.19: "It is alleged in Count I the defendant personally used a firearm during the commission of the crime charged....[¶] The word 'firearm' includes a pistol. [¶] The firearm need not be operable." (CT at 101.) Following this instruction, the jury convicted Petitioner of carjacking and found that Petitioner personally used a firearm during the commission of the carjacking.

Under the Due Process Clause, the Court is required to instruct the jury on every element of the offense. See Sullivan v. Louisiana, 508 U.S. 275, 280-81 (1993). However, the definition of a firearm is not an element of the enhancement statute. People v. Runnion, 30 Cal. App. 4th 852, 857-58 (Cal. Ct. App. 1994). Due Process prevents the trial court from simply instructing the jury that the Petitioner used a firearm. See Medley v. Runnels, 506 F.3d 857, 861 (9th Cir. 2007) (en banc). In Medley, the trial court instructed the jury that a "flare gun [i]s a firearm," and the Ninth Circuit found this warranted habeas relief because "the issue must go to the jury when the object in question is not a traditional firearm, or when the defense raises a legitimate question as to whether the device meets the factual predicates for a 'firearm.'" Id. at 866. Here, the issue of whether Petitioner used a firearm did go to the jury; the instruction given by the trial court specified that the jury "must determine whether the defendant personally used a firearm during the commission of the crime charged." (CT 101.)

Petitioner also claims that the jury instruction defining firearm to include a pistol was incomplete. As the California Court of Appeal correctly explained, this argument fails because "[g]iven the common definition of firearm, it is not reasonably likely that the jurors, having been told that the prosecution was required to prove appellant used a firearm, would have concluded that the prosecution could meet this burden where the device used was a pistol of

the sort that was not also a firearm....On this record, the challenged instruction correctly convey the applicable law to the jury." (Lodgment 4 at 5.) This Court agrees.

## C. Petitioner's Right To A Jury Trial Was Not Impacted By The Trial Court's Decision To Impose Sentences For Multiple Crimes Consecutively

Petitioner argues that the trial court violated his Constitutional right to a jury trial by imposing consecutive sentences based on factors that were not found beyond a reasonable doubt by a jury. However, the Petitioner's argument fails. In <u>Blakely v. Washington</u>, the Supreme Court reaffirmed the conclusion previously reached in <u>Apprendi v. New Jersey</u> that: "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" <u>Blakely</u>, 542 U.S. 296, 301 (2004) (quoting <u>Apprendi</u>, 530 U.S. 466, 490 (2000)). Here, the trial court did not increase the penalty beyond the prescribed statutory maximum, but instead used its discretion to run the sentences consecutively.

The California Supreme Court specifically dealt with the constitutionality of California's determinate sentencing law in <u>People v. Black</u>, 41 Cal. 4th 799 (Cal. 2007). Giving special consideration to the effect of <u>Apprendi</u> and <u>Blakely</u>, the California Supreme Court confirmed that imposing consecutive sentences does not constitute a penalty increase beyond the statutory maximum for a crime, and therefore "the judicial fact finding that occurs when a judge exercises discretion to impose...consecutive terms does not implicate a defendant's Sixth Amendment right to a jury trial." <u>Black</u>, 41 Cal. 4th at 808.

Furthermore, since no federal cases indicate that the decisions in <u>Blakely</u> and <u>Apprendi</u> apply contrary to the ruling of the California Supreme Court's decision in <u>Black</u>, this Court could not grant relief on Petitioner's consecutive sentencing claim because it would create a "new" constitutional rule impermissible under <u>Teague v. Lane</u>, 489 U.S. 288 (1989). In <u>Teague</u>, the United States Supreme Court made clear that a new rule of constitutional law cannot be applied retroactively on collateral review by a federal court to upset a state conviction or sentence unless the new rule forbids criminal punishment of primary, individual

////

conduct or is a "watershed rule of criminal procedure. See Caspari v. Bohlen, 510 U.S. 383, 396 (1994).

**D. Petitioner Is Not Entitled To Relief Based On His Contention That Imposing A Consecutive Sentence For Count Three Violates Cal. Penal Code § 654 Because Petitioner Does Not State a Cognizable Claim Under 28 U.S.C. §2254(a)**

Petitioner argues that the trial court violated the provision in section 654 providing that "an act or omission that which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one." This Court cannot review errors in the application of Cal. Penal Code § 654 unless the error amounts to a violation of the Petitioner's Due Process rights. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989).

Petitioner cannot establish a violation of his Due Process rights here. When reviewing the decision of the trial court, the California Court of Appeal correctly held that the imposition of a consecutive sentence on Count Three did not violate section 654 because Petitioner "had an opportunity to end his criminal conduct, but he instead chose to embark on a course of conduct that ... created a risk of harm beyond that created by the robbery." (Lodgment 4 at 8-9.) As a result, Petitioner has not shown a violation of his Constitutional rights.

## Conclusion

For the reasons stated above, the Court DENIES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED: February 13, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT